FILED
8/19/2021 2:19 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-00830-XR   Document 1-2   Filed 08/31/21   Page 1 of 12

2021CI16974

w jd

CAUSE NO. _____

| | | |
|---|---|---|
| HILLARY SEGURA, § | | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS § | | |
| PERSONAL REPRESENTATIVE § | | |
| OF THE ESTATE OF § | | Bexar County - 408th District Court |
| HECTOR MARTIN SEGURA, § | | |
| DECEASED; HAYLEY SEGURA AND § | | |
| HEATHER SEGURA, INDIVIDUALLY § | | ____ JUDICIAL DISTRICT |
| Plaintiffs, § | | |
| § | | |
| V. § | | |
| § | | |
| DOE DOH HTOO AND DG TRANS INC. § | | |
| Defendants. § | | BEXAR COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND
NOTICE PURSUANT TO RULE 193.7**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW HILLARY SEGURA, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HECTOR MARTIN SEGURA, DECEASED; HAYLEY SEGURA, and HEATHER SEGURA, INDIVIDUALLY, complaining of Defendants, DOE DOH HTOO and DG TRANS INC., and for cause of action would show as follows:

## I. DISCOVERY CONTROL PLAN

1. Discovery shall be conducted under Level III of Rule 190 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff HILLARY SEGURA is an individual residing in San Antonio, Bexar County, Texas. HILLARY SEGURA is a surviving daughter of HECTOR MARTIN SEGURA, deceased, and is the Personal Representative of the Estate of HECTOR MARTIN SEGURA.

3. Plaintiff HAYLEY SEGURA is an individual residing in San Antonio, Bexar County,

Texas. She is a surviving daughter of HECTOR MARTIN SEGURA, deceased.

4.     Plaintiff HEATHER SEGURA is an individual residing in San Antonio, Bexar County, Texas. She is a surviving daughter of HECTOR MARTIN SEGURA, deceased.

5.     Defendant DOE DOH HTOO ("HTOO") is a natural person who resides in Bakersfield, Kern County, California and may be served with process through his counsel, Charles Harmon, Lopez Law Group PLLC, 1502 Augusta Dr., Suite 100, Houston, Texas 77057.

6.     Defendant DG TRANS INC. ("DG") is a Foreign Corporation organized and existing under the laws of the State of California and operating under United States Department of Transportation ("US DOT") Number 3030580 and may be served with process through its counsel, Charles Harmon, Lopez Law Group PLLC, 1502 Augusta Dr., Suite 100, Houston, Texas 77057.

### III. VENUE AND JURISDICTION

7.     Venue is proper in Bexar County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

8.     This Court has personal jurisdiction over Defendants because they are in the business of over the road trucking and this case involved a fatal collision occurring in Texas.

9.     Further, the Court has jurisdiction because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of this Court, as Plaintiffs, in compliance with TRCP 47 seek monetary relief in excess of $1,000,000.00.

### IV. STATEMENT OF FACTS

10. This wrongful death and survival action is brought as a result of a fatal motor vehicle collision that occurred on April 19, 2020 in San Antonio, Bexar County, Texas.

11. On the morning of this date, Mr. HECTOR MARTIN SEGURA was driving a 2020 Freightliner Cascadia 116 in the course of his employment with Central Freight Lines, Inc. He was lawfully operating his tractor-trailer and properly belted within the vehicle's safety belt system supplied by the manufacturer of the vehicle in which he was traveling.

12. Another driver, Olga Casas, who was traveling in the wrong direction along IH-10 West in San Antonio, Bexar County, Texas crashed into the front of HECTOR MARTIN SEGURA's tractor.

13. Mr. Segura's vehicle continued forward approximately 160 feet where it came to rest after jack-knifing, with its tractor facing eastbound in the number one lane.

14. Defendant DOE DOH HTOO was operating a 2017 Freightliner tractor-trailer southbound in the number one lane on IH-10 West. The tractor was owned, serviced, and maintained by Defendant DG. Shortly after the collision between Casas and Mr. Segura, Defendant HTOO crashed into Mr. Segura's tractor, causing him to be ejected out of his vehicle.

15. Defendant HTOO was operating the Defendant DG's tractor-trailer combination in furtherance of Defendant DG's business and in the performance of his work duties at the time of this tragic incident. He was operating both in the course and scope of his employment while under dispatch from Defendant DG. Defendant HTOO had express permission of Defendant DG to drive the vehicle ultimately involved in the devastating wreck.

16. The force and impact of the collision were so severe that Mr. SEGURA's vehicle

was driven back into the guardrail on the east side of the northbound lane of traffic where its front area struck the guardrail then came to rest in northbound traffic in a westerly direction. Despite the fact the vehicle's airbag apparently fully deployed and Mr. SEGURA was properly positioned and belted in his safety belt, as a result of the violent collision, Mr. SEGURA was ultimately pronounced dead at the scene and transported to the mortuary. The investigating law enforcement officer and supervisory personnel from the Texas Department of Public Safety attributed the fault for this tragic collision to Defendant HTOO. Nothing Mr. SEGURA did or failed to do caused, or contributed to cause, the wreck that is the occurrence in question, or was the proximate cause of the resulting fatality, injuries, and damages sustained by the Plaintiffs as set out herein.

17. HECTOR MARTIN SEGURA, deceased, is survived by his adult daughters, Plaintiffs HILLARY SEGURA, HAYLEY SEGURA, AND HEATHER SEGURA. Plaintiff HILLARY SEGURA, is also the Personal Representative of the Estate of HECTOR MARTIN SEGURA, deceased.

### V. FIRST CAUSE OF ACTION: NEGLIGENCE OF DEFENDANTS DOE DOH HTOO AND DG TRANS INC.

18. Defendant DOE DOH HTOO had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances similar to those described herein, given his status as a professional truck driver. HECTOR MARTIN SEGURA's fatal injury was proximately caused by Defendant HTOO's negligent, careless, and reckless disregard of said duty. The negligent, careless, and reckless disregard of duty of this Defendant consisted of, but is not limited to, the following acts and omissions:

   a. Defendant HTOO failed to keep a proper lookout for HECTOR MARTIN SEGURA's safety and the safety of the motoring public, which would have been maintained by a person of ordinary prudence under the same or similar

  circumstances;

b. Defendant HTOO failed to maintain proper attention while driving;

c. Defendant HTOO failed to operate his vehicle at a reasonable and prudent speed under the circumstances then existing;

d. Defendant HTOO failed to maintain reasonable control of his vehicle;

e. Defendant HTOO failed to make a timely or proper application of his brakes;

f. Defendant HTOO failed to take proper evasive action to avoid the collision with HECTOR MARTIN SEGURA's motor vehicle;

g. Defendant HTOO violated various provisions of the traffic laws and regulations of the State of Texas; and

h. Defendant HTOO violated various provisions of the Federal Motor Carrier Safety Regulations.

19. Each of the foregoing acts or omissions of Defendant HTOO, whether taken singularly or together, constitute negligence and/or negligence *per se,* and were the proximate cause of Plaintiff's injuries and damages as described herein and of the untimely death of HECTOR MARTIN SEGURA

20. Further, Defendant DG entrusted the tractor-trailer to Defendant HTOO, who was a careless, reckless, incompetent, and/or unqualified driver. Defendant HTOO was not adequately trained regarding the proper use, operation, and safe speed of the tractor-trailer and/or regarding the safe transportation of cargo over the Texas public roadways. He was further not adequately trained to observe for and adjust his speed for roadway conditions that present special hazards to vehicles, like the tractor-trailer he was operating at the time of the wreck. Defendant DG knew or, through the exercise of reasonable care, should have known that Defendant HTOO was a careless, reckless and/or incompetent and unqualified driver and/or was not adequately trained regarding the proper use and operation of the truck- trailer

and/or in the safe transport of cargo.

21. Defendant DG was independently negligent in its hiring, training, supervision, management, and/or retention of Defendant HTOO and in negligently entrusting the tractor-trailer combination to him. Defendant DG owed a duty to use ordinary care in the hiring, training, supervision, management, and retention of its employees or statutory employees, specifically Defendant HTOO, that corporations generally, and commercial motor carriers specifically, would use under the same or similar circumstances. Defendant DG breached this duty and was negligent by the following acts or omissions:

   a. Defendant failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining its employee or statutory employee; and knew, or through the exercise of reasonable care, should have known that Defendant HTOO was unqualified and/or incompetent to operate a commercial motor vehicle on the public roadways;

   b. Defendant failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining its employee or statutory employee and knew, or through the exercise of reasonable care, should have known that Defendant HTOO was unqualified and/or incompetent to transport a trailer on the public roadways;

   c. Defendants failed to implement appropriate defensive driving, accident avoidance, and routing policies with regard to the load being transported on the date of the occurrence;

   d. Defendant's safety management system had failed with regard to training Defendant HTOO and similar drivers; and

   e. Defendant violated various provisions of the Federal Motor Carrier Safety Regulations.

22. As a result of the negligence of Defendant HTOO, HECTOR MARTIN SEGURA was killed, and Plaintiffs were caused to sustain damages as set forth herein.

### VI. SECOND CAUSE OF ACTION: GROSS NEGLIGENCE OF DEFENDANTS

23. Plaintiff incorporates herein the facts and allegations set forth above. Additionally,

and/or in the alternative, Defendant HTOO was actually aware that his action in traveling at an unsafe speed was a dangerous action that should have been known and appreciated by a professional truck driver. Defendant HTOO, who held himself out as a professional truck driver, operated the tractor-trailer at an unsafe speed for the road condition with which he was faced such that the tractor-trailer presented an unreasonable risk of serious injury or death to other users of the roadway in its location.

24. The conduct of Defendant HTOO and/or Defendant DG as described above rises to the level of gross negligence as that term is defined under § 41.001(11) of the Texas Civil Practice and Remedies Code, and was the proximate cause of the injuries and damages set out below. Particularly, Defendant HTOO's and Defendant DG's conduct, when viewed objectively from said Defendants' standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendant HTOO and Defendant DG were actually and subjectively aware of the severe risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others and the motoring public, including HECTOR MARTIN SEGURA, which constitutes gross negligence.

## VII. THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR

25. Defendant DG, as Defendant HTOO's employer or statutory employer on the date and occasion in question, was independently negligent and/or are liable under the doctrine of *respondeat superior* in that the acts of Defendant HTOO were performed in the course and scope of his employment or as a statutory employee of Defendant DG and while under the dispatch of Defendant DG; and/or the acts or omissions of Defendant HTOO were authorized or ratified by Defendants DG.

26. Defendant HTOO, who was the driver and/or operator of the tractor-trailer owned, leased, or otherwise controlled by Defendant DG at the time of the wreck made the basis of this lawsuit, was acting in the course and scope of his employment or statutory employment with the Defendant DG when he operated the tractor-trailer at an unsafe, unreasonable, and imprudent manner.

27. Vehicle speed of the tractor-trailer was an activity that was within Defendant HTOO's general authority as a professional driver of commercial motor vehicles and was an activity that was done in furtherance of the Defendant DG's business and for the accomplishment of the transportation of cargo for which Defendant HTOO was employed or statutorily employed. Plaintiffs hereby re-allege and incorporates by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein. The negligence and/or gross negligence as described above proximately caused Plaintiffs' injuries and damages as specifically set out below for which Plaintiffs bring this suit.

## VIII. DAMAGES

28. As the proximate result of the Defendants' negligence, Plaintiffs are entitled to monetary compensation for damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury or trier of fact deems just and fair based upon the evidence, including:

   a. The conscious physical pain and mental anguish of HECTOR MARTIN SEGURA, deceased, which was suffered by him from the moment he likely perceived the impending collision up to the time of his untimely death;

   b. All reasonable and necessary expenses for any emergency care, medical treatment and hospital treatment, as well as funeral and burial expenses incurred on behalf and for the benefit of HECTOR MARTIN SEGURA, deceased;

   c. Mental anguish, including emotional pain, torment, and suffering, that Plaintiffs

       have experienced from the death of HECTOR MARTIN SEGURA, deceased, which have occurred in the past and, in all reasonable probability, will be sustained in the future;

    d. The pecuniary loss of care, maintenance, support, services, advice, counsel, and reasonable contribution of pecuniary value that would, in reasonable probability, have been received by Plaintiffs from HECTOR MARTIN SEGURA, deceased which have occurred in the past and, in all reasonable probability, will be sustained in the future; and

    e. The loss of society and companionship representing the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs would have, with reasonable probability, experienced if HECTOR MARTIN SEGURA, deceased, had lived, from the time of the incident in question to the time of trial and in the future.

29. Plaintiffs would additionally show that this claim is brought pursuant to Chapter 71 et. seq. of the Texas Civil Practice and Remedies Code, including, but not limited to, §§ 71.002, 71.004 and 71.021. Further, as a result of the gross negligence of Defendants as set forth herein, Plaintiffs are entitled to recover exemplary damages against each Defendant in an amount to be determined by the trier of fact. Exemplary damages are properly recoverable pursuant to Chapters 41 and 71 of the Texas Civil Practice and Remedies Code. Additionally, pursuant to §71.004, this action is brought by and for the benefit of all wrongful death beneficiaries as Plaintiffs are the surviving children of HECTOR MARTIN SEGURA, deceased.

30. The damages to Plaintiffs stated herein are within the jurisdictional limits of this Court and, based on the information presently available, Plaintiffs seek monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, post-judgment interest, and attorneys' fees.

31. Plaintiffs would ask that a fair, reasonable, and impartial jury assess the amount of damages in this case. The amount of actual damages awarded should be subject to the

evaluation of the evidence by a fair and impartial jury. Although Plaintiffs may state a specific amount in this matter in accordance with the rules of pleadings adopted by the courts and legislature, Plaintiffs would further show that they are entitled to recover interest for all elements of damages recovered for which the law provides for prejudgment interest, beginning (1) on either the 180th day after the particular Defendants received written notice of claim from Plaintiffs, or (2) the day that suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, at the prejudgment interest rate governed by V.T.C.A. Finance Code § 304.102, *et. seq.* Plaintiffs are also entitled to post-judgment interest at the lawful rate.

## IX. CONDITIONS PRECEDENT

32. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiffs aver that all conditions precedent have been performed or have occurred, and that every notice required by law to be given has been properly and timely given.

## X. JURY DEMAND

33. Plaintiffs demand a trial by jury and will tender the appropriate jury fee.

## XI. NOTICE PURSUANT TO RULE 193.7

34. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives notice to Defendants of Plaintiffs' intent to use, at trial and/or hearing, any and all documents produced by Defendants HTOO and DG, or either of them, in the above-referenced litigation.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, as required by law, and that Plaintiffs have the following relief:

a. Judgment against Defendants as set forth above for a sum within the jurisdictional limits of this Court;

b. Damages in all forms sought;

c. Costs of suit;

d. Pre-judgment interest as provided by law;

e. Post-judgment interest as provided by law; and

f. Any and all other relief at law or in equity to which Plaintiffs may show themselves to be justly entitled.

    Respectfully submitted,

    **THE AGUIRRE LAW FIRM, PLLC**
    118 E. Ashby Pl.
    San Antonio, Texas 78212
    210.922.0808 t
    210.922.0813 f

    */s/* Alex Aguirre
    **ALEX AGUIRRE**
    Texas Bar No. 24012194
    aaguirre@aguirrelawpllc.com
    **ANDREA DE LA GARZA**
    Texas Bar No. 24077955
    adelagarza@aguirrelawpllc.com

    **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 19, 2021 a true and correct copy of the instant document has been submitted on this date by electronic filing and email in accordance with the Texas Rules of Civil Procedure to the following:

Charles Harmon
Brian Lopez
Lopez Law Group PLLC
1502 Augusta Dr., Suite 100
Houston, Texas 77057

                                                                             */s/* Alex Aguirre
                                                                             Alex Aguirre